UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORFOLK SOUTHERN RAILWAY CO.,**<br><br>   **Plaintiff,**<br><br>   **v.**<br><br>**NEW YORK TERMINALS, LCC and NEW YORK TERMINALS II, LLC,**<br><br>   **Defendants/Third-Party Plaintiffs,**<br><br>   **v.**<br><br>**NJ ASPHALT TERMINALS, LLC d/b/a/ CL ASPHALT, and ABC CORPS. 1-10**<br><br>   **Third-Party Defendants.** | Civ. No. 2:14-07664 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before this Court upon a motion by Third-Party Defendant New Jersey Asphalt Terminals ("NJAT") to consolidate this action (the "NJAT action") with another pending action in this district, *Norfolk Southern Railway Co. v. C.L. Consulting and Management Corp.*, No. 15-cv-2548 (the "CLCM Action"). For the reasons that follow, NJAT's motion to consolidate will be **DENIED**.

**I.   BACKGROUND**

   **A.   The NJAT Action**

In December 2014, Plaintiff Norfolk Southern Railway ("Norfolk") filed a Complaint against Defendants New York Terminals and New York Terminals II ("NY Terminals"). Plaintiff alleges that, from November 2013 to May 2014, NY Terminals failed to pay demurrage charges on rail cars, accruing damages of at least $294,360.

1

NY Terminals answered the Complaint and also filed a Third Party Complaint against NJ Asphalt Terminals (NJAT), alleging that NJAT, as a tenant of NY Terminals, is liable for any demurrage costs.  Discovery closed in September 2016.  After discovery closed, NJAT attempted to file a belated expert report, which the Court did not accept.

### B. The CLCM Action

In April 2015, Plaintiff Norfolk filed a Complaint against Defendant C.L. Consulting and Management Corp. ("CLCM").  Plaintiff alleges that, from October 2013 to May 2014, CLCM, as consignee, failed to pay demurrage charges on rail cars, accruing damages of at least $284,960.

CLCM moved to refer the case to the Surface Transportation Board ("STB"), which the Court denied.  However, CLCM filed a new and separate action with the STB which is presently pending before the Board.  In April 2016, CLCM answered the Complaint and also filed a Third Party Complaint against NY Terminals, alleging that NY Terminals is liable for any demurrage costs, pursuant to a contract between CLCM and NY Terminals.  Discovery in this action is set to conclude in March 2017.

### C. NJAT's Motion to Consolidate Both Actions

In November 2016, NJAT moved to consolidate the NJAT action with the CLCM action.  NJAT claims that CLCM is its "sister company," and that consolidation should be granted because the two cases present the same underlying question of who must pay an identical demurrage charge.

Plaintiff Norfolk opposes the motion, arguing that consolidation will serve little benefit at this stage, will prejudice Norfolk, and likely cause confusion of issues.

## II. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Rule 42(a) gives the district court "broad power to consolidate cases that share common questions of law or fact." *A.S. ex rel. Miller v. SmithKline Beecham Corp.,* 769 F.3d 204, 212 (3d Cir. 2014).

"The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In Re TMI Litig.,* 193 F.3d 613, 724 (3d Cir. 1999) (citation omitted). "The mere existence of common issues, however, does not require consolidation." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194 (D.N.J. 2015) (citation omitted). The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions. *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.RD. 65, 81 (D.N.J. 1993) (citation omitted).

### III.  DISCUSSION

The Court finds that consolidation is inappropriate in this case for several reasons.

First, the Court notes that there is no overlap here between actual named parties. In each action, the named Defendants are different. NJAT claims that CLCM (the named Defendant in the CLCM action) is its "sister" company, but even if this is so, NJAT is a Third-Party Defendant in the NJAT action, not a primary party. And while both actions may be for similar demurrage charges, it is not clear that they are for an identical charge, as NJAT claims: the time period for each charge is slightly different, and the damages amounts are close, but not identical. If the demurrage charges are, indeed, distinct, then there is no reason to consolidate. And in any case, the "common question" shared by both actions involves the peripheral issue of indemnification by a third party, and not the central issue of whether each named Defendant is liable to Plaintiff Norfolk. Moreover, CLCM can also move to dismiss the CLCM action as duplicative of the NJAT action, if it believes that the action seeks to collect an identical charge.

Second, while in the CLCM action, discovery is ongoing and will be continuing at least until March 2017, discovery has been closed in the NJAT action since September 2016. In this case, the central purpose of consolidation, "to streamline and economize pretrial proceedings so as to avoid duplication of effort," *In Re TMI Litig.,* 193 F.3d at 724, will be largely thwarted by the fact that discovery is already over in one of the cases. Moreover, "[i]t is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases, or if one of the cases is further into discovery than the other case." *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005) (finding that district court did not abuse its discretion in denying motion to consolidate where discovery was closed in one case, but had just begun in the other). Moreover, while NJAT has been barred from filing its belated expert report in the NJAT action, expert reports have not yet been served in the CLCM action; consolidation of the two actions could allow NJAT to gain an unfair tactical advantage in this action, resulting in prejudice to Norfolk.

Third, there is a possibility of the CLCM action being delayed by CLCM's own initiation of a separate administrative proceeding before the STB. If the STB accepts that

case and institutes a parallel administrative proceeding, and these actions are consolidated, that will cause delay in both the NJAT and the CLCM actions, instead of only in the CLCM action alone. *See Borough*, 153 F. App'x at 82. This will cause undue prejudice to Plaintiff, who has an interest in a swift resolution of its claims.

## IV.   CONCLUSION

For the foregoing reasons, NJAT's motion to consolidate is **DENIED**. An appropriate order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 19, 2016**